UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────X
HEALTH & WELFARE FUND OF THE UNITED FOOD
& COMMERCIAL WORKERS LOCAL 2013, AFL-CIO
BY ITS TRUSTEES LOUIS MARK CAROTENUTO      **COMPLAINT**
and STANLEY FLEISHMAN,
                                           19-CIV-9345
                    Plaintiff,

        -against-

ELENER ASSOCIATES, LLC d/b/a RIVERDALE MANOR
HOME FOR ADULTS,

                    Defendant.
──────────────────────────────────────X

Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO BY ITS TRUSTEES LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN ("LOCAL 2013 HEALTH & WELFARE FUND"), by its attorneys, BRADY McGUIRE & STEINBERG, P.C., for its Complaint, respectfully alleges:

1.      This is an action to recover health and welfare benefit contributions owed to an employee fringe benefit trust fund and for the breach of the terms and conditions of a collective bargaining agreement pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA"), respectively.

**JURISDICTION & VENUE**

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185, in that, as shown below, Defendant ELENER ASSOCIATES, LLC d/b/a RIVERDALE MANOR HOME FOR ADULTS ("RIVERDALE MANOR") resides in Bronx County, City of New York and State of New York.

## THE PARTIES

4. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 2013 HEALTH & WELFARE FUND maintain the subject plan at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiff LOCAL 2013 HEALTH & WELFARE FUND and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

7. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

8. Upon information and belief, Defendant RIVERDALE MANOR was and still is a New York corporation with its principal place of business located at 6355 Broadway, Bronx, New York.

9. Upon information and belief, Defendant RIVERDALE MANOR was and still is a foreign corporation duly licensed to do business in the State of New York.

10. Upon information and belief, Defendant RIVERDALE MANOR was and still is a foreign corporation doing business in the State of New York.

11. Upon information and belief, Defendant RIVERDALE MANOR is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

12. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 11 inclusive with the same force and effect as though more fully set forth at length herein.

13. At all times relevant hereto, Defendant RIVERDALE MANOR agreed to be bound by the terms and conditions of a collective bargaining agreement with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreement").

14. Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152, having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

15. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreement establishing Plaintiff LOCAL 2013 HEALTH & WELFARE FUND, Defendant RIVERDALE MANOR consented to the performance of an audit of its books and records to determine whether said Defendant had paid all of the required fringe benefit contributions to

Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in accordance with the Collective Bargaining Agreement for the period of January 1, 2015 through December 31, 2016.

16. That on or about September 6, 2019, the results of said audit were detailed by the auditor for Plaintiff LOCAL 2013 HEALTH & WELFARE FUND which determined that Defendant RIVERDALE MANOR had failed to provide the contractually required fringe benefit contributions with interest in the amount of $2,544.85 for the period of January 1, 2015 through December 31, 2016.

17. Defendant RIVERDALE MANOR remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions and interest owed to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND as detailed above.

18. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant RIVERDALE MANOR, said Defendant is liable to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in the amount of $2,544.85.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

19. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 18 inclusive with the same force and effect as though more fully set forth at length herein.

20. The failure of Defendant RIVERDALE MANOR to pay the required fringe benefit contributions along with interest to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND for the period audited of January 1, 2015 through December 31, 2016 in the amount of $2,544.85 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that

employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

21. Defendant RIVERDALE MANOR remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions and interest owed to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND as detailed above.

22. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; (e) auditor's fees; and (f) the costs and disbursements of the action.

23. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant RIVERDALE MANOR and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant RIVERDALE MANOR is liable to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in the amount of $2,544.85, together with accumulated additional interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, auditor's fees in the amount of $3,540.00 and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demands judgment on the First Cause of

Action as against Defendant ELENER ASSOCIATES, LLC d/b/a RIVERDALE MANOR HOME FOR ADULTS in the amount of contributions with interest totaling $2,544.85.

**WHEREFORE**, Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demands judgment on the Second Cause of Action as against Defendant ELENER ASSOCIATES, LLC d/b/a RIVERDALE MANOR HOME FOR ADULTS in the amount of contributions and totaling $2,544.85, together with:

a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c. Attorneys' fees, auditor's fees in the amount of $3,540.00, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
October 9, 2019

            Respectfully submitted,

            BRADY McGUIRE & STEINBERG, P.C.

      By:  /s/ James M. Steinberg

            James M. Steinberg, Esq.
            Attorneys for Plaintiff
            *U.F.C.W. Local 2013 Health & Welfare Fund*
            303 South Broadway, Suite 234
            Tarrytown, New York 10591
            (914) 478-4293